Filed 6/21/23  P. v. Rios CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B324788 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. NA085730) |
| v. | |
| REYES RIOS, JR., | |
| Defendant and Appellant. | |

THE COURT:

Defendant and appellant Reyes Rios Jr. (defendant) appeals from the denial of his petition to be resentenced pursuant to the provisions of Penal Code section 1170.18.[1]  Defendant's appointed counsel found no arguable issues and filed a brief requesting we follow the procedures set forth in *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*).  Following the

---

[1]    All further unattributed code sections are to the Penal Code unless otherwise stated.

standard articulated in *Delgadillo*, we considered defendant's supplemental brief and conducted a limited review of the record. (See *Delgadillo*, at pp. 230–232.) Finding no merit to defendant's appeal, we affirm the order.

## BACKGROUND

In 2012, a jury convicted defendant of three counts of attempted murder, and found the crimes were willful, deliberate, and premeditated (§§ 664/187, subd. (a)). The jury also found defendant guilty of one count of shooting at an inhabited dwelling (§ 246), one count of assault with a semiautomatic firearm (§ 245, subd. (b)), and one count of possession of a firearm by a felon (former § 12021, subd. (a)(1)). It was found as to each count that the offense was committed for the benefit of, at the direction of, and in association with a criminal street gang.

Defendant was charged with having suffered a prior conviction of robbery in violation of section 211, a serious or violent crime within the meaning of section 1170.12, subdivisions (a) through (d) and section 667, subdivisions (b) through (i) (the Three Strikes law). After defendant waived a jury trial on the prior conviction the trial court found the allegation true.

Defendant was sentenced to a total of three consecutive life terms plus 37 years and four months in state prison. On direct appeal the judgment was affirmed by this court in *People v. Reyes, Jr.* (Oct. 23, 2013, B239242) [nonpub. opn.].

On August 29, 2022, defendant filed a petition for reduction of his conviction of assault with a semiautomatic firearm to a misdemeanor and for resentencing. The trial court summarily denied the petition on September 6, 2022.

2

Defendant filed a timely notice of appeal from the order of denial.

## DISCUSSON

After examination of the record, appointed counsel filed an opening brief raising no issues. Where, as here, appointed counsel finds no arguable issues in an appeal that is not the first appeal after conviction, we are not required to conduct an independent review of the record. (See *Delgadillo*, *supra*, 14 Cal.5th at p. 226.) However, even if we do not independently review the record to identify unraised issues in such a case, we give the defendant the opportunity to file his or her own supplemental brief or letter. We then evaluate any specific arguments raised. (See *id*. at p. 232.) Here, counsel provided defendant with a copy of the record on appeal and informed him of his right to file his own supplemental brief. On April 10, 2023, we also notified defendant of counsel's brief, allowed defendant time to file his own letter or brief stating any grounds for an appeal, contentions, or arguments that he wished to be considered, and advised him that if no supplemental brief or letter is timely filed the court may dismiss the appeal as abandoned. Defendant then filed a supplemental brief within the time allowed.

Defendant contends he is entitled to relief under section 1170.18 because the jury found not true the allegation that he personally used a firearm during the commission of the assault with a semiautomatic firearm. Defendant reasons that as he did not personally use a firearm, he could be guilty of only simple assault, a misdemeanor. (See §§ 240, 241.) Defendant also contends the trial evidence was insufficient to show he

3

participated in the shooting or that he shared the mental state of the actual perpetrator.  Defendant refers to testimony in the trial transcript, and to the extent it is not in the record on appeal, defendant consents to use of facts in the appellate opinion.

Proposition 47, approved in November 2014, "makes certain drug-and theft-related offenses misdemeanors, unless the offenses were committed by certain ineligible defendants.  These offenses had previously been designated as either felonies or wobblers (crimes that can be punished as either felonies or misdemeanors)." (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1091.)  Proposition 47 "also added . . . section 1170.18, which permits those previously convicted of felony offenses that Proposition 47 reduced to misdemeanors to petition to have such felony convictions resentenced or redesignated as misdemeanors." (*People v. Buycks* (2018) 5 Cal.5th 857, 871, fn. omitted.)  The offenses amended or added by Proposition 47 are sections 459.5, 473, 476a, 490.2, 496, and 666, and Health and Safety Code sections 11350, 11357, and 11377.  Section 1170.18 does not list section 245, subdivision (b), as one of the code sections amended or added by Proposition 47.  As defendant was not convicted of a felony offense that Proposition 47 reclassified as a misdemeanor, he is not statutorily eligible for relief under section 1170.18.

In addition, defendant's contention that the facts were insufficient to support his conviction appears to be a collateral attack on the judgment.  Defendant does not provide any authority permitting such a challenge, and we find nothing in section 1170.18 that might authorize such a collateral attack.  In his direct appeal, defendant had the right to raise any issues relating to his conviction, including challenging the sufficiency of the evidence and whether he had obtained a fair trial.  Indeed, in

4

his appeal from the judgment, this court found substantial evidence to support defendant's conviction of assault with a semiautomatic firearm. (*People v. Reyes, Jr.*, *supra*, B239242.) As the judgment of conviction was affirmed on appeal and has long since been final, we decline to undertake a review for the sufficiency of the trial evidence to support defendant's conviction. (See generally, *People v. Senior* (1995) 33 Cal.App.4th 531, 536–538.)

## DISPOSITION

The order denying defendant's petition for resentencing pursuant to Penal Code section 1170.18 is affirmed.

NOT TO BE PUBLISHED.

_____

LUI, P. J.        ASHMANN-GERST, J.        CHAVEZ, J.